OPINION
PER CURIAM.
Appellant Daniel L. Spuck, a pro se prisoner, appeals from the District Court’s order granting Defendants’ motions to dismiss. For the reasons set forth below, we will summarily affirm. See I.O.P. 10.6.
I.
On November 6, 2007, Spuck, who is incarcerated at the State Regional Correctional Facility at Mercer (“SRCF-Mercer”), filed a civil rights action under 42 U.S.C. § 1983 and/or Bivens v. Six Unknown Named Agents of Federal Bureau *729 of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).[1] Spuck named the following Defendants in his complaint: Thomas Ridge, Former Governor of the Commonwealth of Pennsylvania (“Ridge”); the Commonwealth of Pennsylvania (“Commonwealth”); Paul Stowitsky, Superintendent at SRCF-Mercer (“Stowitsky”); the Pennsylvania Attorney General (“AG”); Pennsylvania Department of Corrections (“DOC”); and Robert V. Barth, Jr., Clerk of Courts for the United States District Court for the Western District of Pennsylvania (“Barth”).
In the complaint, Spuck alleged that around 1996, while he was imprisoned at SCRF-Mercer, Defendants Ridge and the AG unlawfully permitted the DOC to change its policy regarding inmate furloughs, such that prison officials could no longer grant inmate furlough requests. Spuck further alleged that the policy which replaced it only allowed inmates residing in Community Corrections Centers (“CCC”) to be furloughed. As a result of the policy change, Spuck claims that his requests to be furloughed from SRCFMercer have been repeatedly denied, in violation of his constitutional rights.
After Spuck filed his complaint, the Defendants moved to dismiss it under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[2] After reviewing the parties’ submissions, the District Court dismissed Spuck’s complaint as to all Defendants. Spuck filed a timely notice of appeal.
II.
We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. Our review of the District Court’s dismissal for failure to state a claim is plenary. Port Auth. of N.Y. & N.J. v. Arcadian Corp., 189 F.3d 305, 311 (3d Cir.1999). When considering a district court’s grant of a motion to dismiss under Rule 12(b)(6), we “accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff.” Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir.2008). “To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to ‘state a claim to relief that is plausible on its face.’ ” Ashcroft v. Iqbal, — U.S. -, -, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).
III.
A. Ex Post Facto Claim
First, Spuck claimed that the 1996 changes in DOC policy have been applied to him retroactively to deny him the ability to obtain a furlough, in violation of the Ex Post Facto Clause contained in the United States Constitution.[3] As the District Court properly concluded, there is no ex post facto violation where the retroactively applied law does not make one’s punishment more burdensome, but merely creates a disadvantage. See Hameen v. Delaware, 212 F.3d 226, 236 (3d Cir.2000). Spuck’s sentence was not lengthened or made more severe by the new guidelines. The mere fact that furlough opportunities are now not available to him does not make his punishment more onerous. Accordingly, the District Court properly dismissed this claim.
*730 B. Due Process Claims
Spuck also alleged that Defendant Stowitsky has unlawfully denied him prerelease and has refused to place him in a CCC (in order to be eligible for a furlough) because Spuck has failed to complete prescriptive programming. However, an inmate does not have an inherent constitutional right to determine the place of his confinement, nor does he have a state-created liberty interest which allows him to be incarcerated at an institution of his choosing. See Olim v. Wakinekona, 461 U.S. 238, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983). Moreover, inmates do not have a constitutional right to be furloughed. See Bowser v. Vose, 968 F.2d 105, 106-07 (1st Cir.1992) (“It is clear that the denial of a furlough implicates no inherent liberty interest”). Thus, Stowitsky’s decision to deny Spuck pre-release and/or placement in a CCC does not implicate any pi'otected liberty interest.[4]
C. Denial of Access to Courts Claim
Next, Spuck claimed that Defendant Barth unlawfully denied him access to the courts: “[Barth] failed to file or return the Plaintiffs writ of habeas corpus petition appealing the November 1, 2005, Order from the Pennsylvania Supreme Court challenging Ex Post Facto Clause violations involving furloughs from prisons in Pennsylvania.” (See Plaintiffs Complaint at Section IV.C). While inmates have the right to adequate, effective, and meaningful access to the courts, see Bounds v. Smith, 430 U.S. 817, 828, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977), the Supreme Court has restricted who may bring an access-to-courts claim. See Lewis v. Casey, 518 U.S. 343, 355, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). In Lewis, the Court held that in order to state a claim for denial of the right of access to the courts, a plaintiff must show actual injury. Id. at 351-2, 116 S.Ct. 2174. In this case, Spuck had to have demonstrated that he lost the ability to present an “arguably actionable” claim. Id.
We agree with the District Court that Spuck was unable to meet that requirement. The action that he claims Barth denied him the ability to pursue was a habeas corpus action wherein he raised the identical Ex Post Facto challenge to the DOC’s furlough policy that had been previously raised and rejected on the merits in his prior habeas proceeding. Accordingly, the District Court correctly dismissed this claim against Defendant Barth.

D.Claim against Defendant Ridge

Finally, the District Court properly dismissed Spuck’s complaint as to Defendant Ridge. Spuck failed to effect service of the complaint as to Ridge. A plaintiff is responsible for serving a complaint within 120 days after the complaint is filed with the court. Fed.R.Civ.P. 4(c)(1), (m). The District Court’s docket indicates that Spuck filed his action on November 6, 2007, but the docket does not reflect that Ridge was ever served with the complaint during the span in which the parties litigated the case. Thus, the claims against Ridge are appropriately denied on those grounds.
As Spuck’s appeal presents no substantial question, we will summarily affirm. See Third Cir. LAR 27.4; I.O.P. 10.6. Spuck’s “motion to waive or suspend 20% deduction of appellant’s inmate account and court appointment of counsel (pro bono)” is also denied. See Porter v. Dep’t of Treasury, 564 F.3d 176, 179-80 (3d Cir. *731 2009); Tabron v. Grace, 6 F.3d 147, 155-56 (3d Cir.1993).

. Because Defendant Barth is a federal employee, the District Court construed the claims against him as brought under Bivens.

. Defendant Ridge did not file a motion to dismiss as he was never served with the complaint.

.Spuck previously raised this identical claim in a habeas corpus action that he initiated in the District Court in February 2005, which was denied on the merits. See Spuck v. Desuta, et al., No. 05-85J, 2006 WL 1428249, 2006 U.S. Dist. LEXIS 32094 (W.D.Pa. May 22, 2006).

. Spuck's related claim — that Stowitsky unlawfully demoted him to level 2 custody — was also correctly dismissed as this claim similarly failed to implicate a protected liberty interest. See Griffin v. Vaughn, 112 F.3d 703, 705-06 (3d Cir.1997).