**BLD-361**                       **NOT PRECEDENTIAL**

## UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT
_____

No. 12-4292
_____

DANIEL LUKE SPUCK,
                  Appellant

v.

FORMER GOVERNOR THOMAS RIDGE; COMMONWEALTH OF
PENNSYLVANIA; PAUL STOWITSKY, Superintendent, SRCF Mercer; PA
ATTORNEY GENERAL; DEPARTMENT OF CORRECTIONS; ROBERT V. BARTH,
JR.

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 1:07-cv-00310)
District Judge:  Honorable Sean J. McLaughlin

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or Possible
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
August 1, 2013

Before: HARDIMAN, GREENAWAY, JR., and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: August 12, 2013)
_____

OPINION
_____

PER CURIAM

Daniel Spuck, proceeding in forma pauperis, appeals pro se the denial of a motion to reopen his case. For the reasons that follow, we will summarily affirm. See LAR 27.4; I.O.P. 10.6.

Spuck originally filed a complaint under 42 U.S.C. § 1983 alleging various civil rights infractions against past and present Pennsylvania officials. The District Court dismissed his complaint for failure to state a claim, and we summarily affirmed. Spuck v. Ridge, No. 09-1397, 347 F. App'x 727 (3d Cir. 2009) (per curiam) (nonprecedential).[1] More than three years passed, and Spuck filed a "motion to reopen"[2] which asserted that there was some kind of error in his state criminal record, though he offered no description of what the error was or how it impacted this case. The District Court denied his motion and a subsequent motion to reconsider. Spuck filed a notice of appeal as to the first ruling and an amended notice of appeal as to the second.

We have jurisdiction under 28 U.S.C. § 1291. We review the District Court's denial of a motion to reconsider under Fed. R. Civ. P. 60(b)(6) for abuse of discretion. See Budget Blinds, Inc. v. White, 536 F.3d 244, 251 (3d Cir. 2008). "A party seeking Rule 60(b)(6) relief must demonstrate the existence of 'extraordinary circumstances' that

---

[1] This appeal and his previous appeal in this case are only two out of Spuck's sixteen trips to this Court.

[2] Though the District Court did not explicitly characterize it so, we understand Spuck's request to be pursuant to Fed. R. Civ. P. 60(b)(6).

justify reopening the judgment." Id. at 255 (quoting Gonzalez v. Crosby, 545 U.S. 524, 535 (2005)).

Here, nothing resembling an abuse of discretion can be found. Spuck has not offered any connection between an alleged error in the docket of his criminal case in 2003 and his complaint in this case filed in 2007, which alleged that a change in prison furlough policy was a violation of the Ex Post Facto clause. No connection is apparent. The record of Spuck's state court conviction was never implicated in this proceeding, so any error in it cannot serve as a basis to relieve Spuck from this judgment. Spuck's motion for reconsideration fares no better, as it presents several issues unrelated to Spuck's complaint in this suit and, as such, are not even possible grounds to relieve him from the judgment pursuant to Fed. R. Civ. P. 60(b)(6). See Marshall v. Bd. of Educ., 575 F.2d 417, 426 (3d Cir. 1978) (holding it was not an abuse of discretion to deny 60(b)(6) relief where "no circumstances, least of all 'exceptional circumstances' requiring 'extraordinary relief,' [were] demonstrated").

For the reasons given, we will summarily affirm the judgment of the District Court.